# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANTHONY BOATRIGHT, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 17-773 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT GILMORE, | ) | |
| superintendent, et al., | ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION**

CONTI, Chief District Judge.

### I. Introduction

Anthony Boatright (the "petitioner") filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "petition") in which he challenged the judgment of sentence imposed upon him on December 5, 2012, by the Court of Common Pleas of Allegheny County, Pennsylvania, on his convictions for rape of a child, rape by forcible compulsion, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, incest, indecent assault, indecent exposure, corruption of minors, and endangering the welfare of children. He raised eight claims in which he either challenges the actions of the trial court or contends his trial attorney provided him ineffective assistance of counsel in violation of his rights guaranteed by the Sixth Amendment to the United States Constitution.

This case was referred to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Rule 72. On May 23, 2018, the magistrate judge issued a report and recommendation ("R&R") (ECF No. 24) in which he recommended that each of the petitioner's claims be denied and that a certificate of appealability be denied.

Petitioner was served with the R&R at his address of record and was advised that he had until June 6, 2018, to file objections to it. He did not file objections by that deadline; rather, on

June 11, 2018, petitioner filed a motion for extension of time to object to the R&R, which the court granted. (ECF Nos. 25, 26.) The court ordered petitioner to file his objections on or before July 9, 2018. (ECF No. 26.) On June 19, 2018, petitioner filed a motion to appoint counsel (ECF No. 27) and a motion for discovery (ECF No. 25). Petitioner filed objections dated July 8, 2018, to the R&R. (ECF No. 29.)

Where, as here, objections were filed, the court is required to make a *de novo* determination about those portions of the R&R to which objections were made. 28 U.S.C. § 636(b)(1). Accordingly, the court examined *de novo* all arguments raised by the petitioner in his objections and agrees with the magistrate judge that the petition should be denied and that a certificate of appealability should be denied.

**II.  Discussion**

**A. The magistrate judge's organization of petitioner's claims in the R&R**

Petitioner first objects to the magistrate judge's reorganization of his claims in the R&R. Petitioner in his petition asserts eight grounds for relief and supports those grounds with evidence filed with his traverse. (ECF Nos. 1, 15.) The magistrate judge organized his R&R based upon petitioner's claims that alleged ineffective assistance of counsel (grounds 1, 5, 6, 7, 8) and claims that challenged the actions of the trial court (grounds 2, 3, 4). The magistrate judge in the R&R clearly identified which claim he was discussing, and petitioner does not argue that the magistrate judge did not address an issue raised by petitioner in his petition. Under those circumstances, petitioner's objection with respect to this issue is denied.

**B. The magistrate judge's ruling with respect to petitioner's allegedly unconstitutional sentence because of the trial judge's alleged bias against petitioner**

Petitioner's second ground for relief is as follows:

> The Sentence imposed itself shows the malicious intent of the court's vindictiveness Towards Petitioner. At Sentencing before imposing the sentence The Judge stated On the record "She wish she could have given Petitioner life," This Statement was made after previous Success on Appeal. Mandatory Sentences, § 9718 Sentence for offences [sic] (A-M), 18 PA.C.S. § 3121(a) not less than 10 years-18 Pa.C.S. § 3123. The Same, 18 Pa.C.S. § 3125(A)(1) not less than 5 years, which is what Petitioner received, unconstitutional consecutive sentences, where the consecutive sentences should have merged concurrent.

(ECF No. 1 at 7.)

The magistrate judge in the R&R explained that: (1) a mandatory minimum sentence was not imposed upon petitioner; and (2) the sentence imposed fell between the statutory prescribed penalty range. (ECF No. 24 at 8-9.) The magistrate judge under those circumstances could not discern a basis upon which to conclude the sentence imposed was unconstitutional and provide petitioner habeas relief. (Id. at 9.) Petitioner objects to the magistrate judge's ruling on this issue arguing that the sentence imposed was unconstitutional because (1) the trial judge was biased against petitioner because of his success on appeal of his first case, and (2) "it was a Mandatory Minimum sentence." (ECF No. 29 at 3.)

The court agrees with the magistrate judge that petitioner is not entitled to relief on this claim. Petitioner procedurally defaulted[1] this claim. As petitioner admits in his petition to this

---

[1] When a petitioner fails to exhaust properly a claim, the federal district court should require that he return to state court and attempt to litigate that claim there if state procedural rules still permit him to raise the claim in state court. Slutzker v. Johnson, 393 F.3d 373, 379-81 (3d Cir. 2004); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). When a petitioner would be barred under state law from raising a claim because he failed to comply with a state procedural rule-such as a statute of limitations-the Court of Appeals for the Third Circuit, however, has recognized that it would be "futile" to require the petitioner to return to state court. Under that circumstance, the petitioner is technically excused from having to comply with the exhaustion requirement, but the claim is procedurally defaulted. Slutzker, 393 F.3d at 379-81; Whitney v.

3

court, he did not raise the issue of the trial court's alleged bias against him with respect to his sentencing on direct appeal of his conviction and sentence. (ECF No. 1 at 7-8.) The claim is, therefore, procedurally defaulted.

Petitioner explains in his petition, however, that he did not raise the issue in ground two on direct appeal of his conviction and sentence because "Ineffective Assistance of Counsel claims are…Reserved For P.C.R.A. Review…." (ECF No. 1 ay 8.) To the extent petitioner is attempting to assert ground two as an ineffective assistance of counsel claim (rather than an attack on the trial court's rulings) the claim is procedurally defaulted. Petitioner did not raise an ineffective assistance of counsel claim with respect to the issues raised in ground two with respect to his PCRA petition. (ECF No. 12-3 at 136 ("Appellant asserts the trial judge was biased against him and should have recused herself….Appellant has not raised the issue in the context of ineffective assistance of counsel.").) Petitioner's objections to the magistrate judge's denial of his petition with respect to ground two will, therefore, be denied.

### C. The magistrate judge's ruling with respect to petitioner's request to obtain the transcript from his jury voir dire

Petitioner's third claim for relief is as follows:

Members of the Selected Jury were asked iF [sic] they could give an unbiased Verdict, and the Some answered "No", but they were still added to Petitioner's Jury. The Commonwealth violated Petitioner's rights of Due Process, Equal Protection TO Challenge the Jury Selection the Trial Court's stenographer's non-action was

---

Horn, 280 F.3d 240, 250-53 (3d Cir. 2002); Lines v. Larkin, 208 F.3d 153, 162-63, 166 (3d Cir. 2000) (when exhaustion is futile, the claim is procedurally defaulted).
    A federal court may only reach the merits of a procedurally defaulted claim if the petitioner makes the standard showing of "cause and prejudice" or establishes a "fundamental miscarriage of justice" in order to overcome the procedural default. Murray v. Carrier, 477 U.S. 478, 485, 495 (1986). Here, petitioner did not argue that he satisfies either requirement with respect to the claims that are procedurally defaulted.

> indifferent to Petitioner's Right of Due Process and Equal Protection of the law when seeking to Procure the Jury Voir Dire Transcribed notes.

(ECF No. 1 at 9.) The magistrate judge in the R&R opined that this claim is procedurally defaulted because the "issue was never raised in the appellate courts of the Commonwealth." (ECF No. 24 at 9.) Petitioner objects to this ruling because he "Petitioned the Court's for the Voir Dire" and witnessed "the Court Stenographer typing it all down as Jurors were being questioned." (ECF No. 29-1 at 5.) Petitioner in support of his objections to the magistrate judge's ruling attached, among other things, a petition dated November 8, 2015, to the Superior Court of Pennsylvania and the Common Pleas Court requesting the voir dire from the trial court. (ECF No. 29-1 at 6.)

First, the magistrate judge is correct that this claim is procedurally defaulted because petitioner did not directly appeal to the superior court the issue that he did not receive a transcript from the voir dire proceedings or that because of the voir dire procedures the jury was biased against him. (ECF Nos. 12-2 at 54-94, 12-3 at 28.) Second, any claim that petitioner's trial counsel was ineffective for not obtaining a copy of the transcript for the voir dire is belied by the record because petitioner waived his rights to have the presence of a judge and court reporter during the voir dire. (ECF No. 12-2 at 39-40 (waivers from the Court of Common Pleas signed by petitioner).) Third, any claim based upon petitioner not receiving the voir dire transcript as part of his PCRA proceedings is not cognizable under § 2254. The Third Circuit Court of Appeals has explained: "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral [PCRA] proceeding does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (internal citations omitted).

Petitioner's objection with respect to the magistrate judge's ruling on this issue will, therefore, be denied.

### D. The magistrate judge's ruling with respect to petitioner's claim of judicial misconduct because the trial judge did not declare a mistrial after a juror overheard petitioner's counsel speaking with a colleague

Petitioner's fourth ground for relief in his original petitioner provides:

> It was Judicial misconduct for the Judge not to declare a mistrial, as well as abandonment of counsel, which resulted in a brakedown [sic] of the adversarial process.

(ECF No. 1 at 10.) The magistrate judge recommended that this claim be dismissed because the juror who overheard a conversation between petitioner's counsel and a colleague was excused from jury service and did not communicate what he or she heard to other members of the jury panel. (ECF No. 24 at 9.) The magistrate judge concluded that under those circumstances, petitioner was not prejudiced and the trial court did not have a proper basis upon which to declare a mistrial. (Id. at 9-10.) Petitioner objects to this ruling citing Brady v. Maryland, 373 U.S. 83, 87 (1963). The magistrate judge did not explicitly rule upon petitioner's claim to the extent that he claims his trial counsel was ineffective because he did not move for a mistrial after the juror heard trial counsel's conversation in the courthouse. The magistrate judge concluded, however, that petitioner was not entitled to relief with respect to the court's failure to declare a mistrial because the "conviction was not secured in any manner contrary to the decisions of the United States Supreme Court nor involved an unreasonable application of those decisions[.]" (ECF No. 24 at 10.)

Petitioner's objection with respect to judicial misconduct will be denied because petitioner procedurally defaulted that claim by not raising it on direct appeal to the Superior

Court of Pennsylvania.² With respect to petitioner's claim of ineffective assistance of counsel because his counsel did not move for a mistrial, petitioner did not satisfy his burden to show that his counsel's performance fell below an objective standard of reasonableness, or, there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Nguyen v. Attorney General of New Jersey, 832 F.3d 455, 464 (3d Cir. 2016). As the magistrate judge explained, the excused juror told the trial judge that he or she did not communicate to the other jurors what he or she overheard from petitioner's counsel and her colleague. There was no other evidence to suggest that proceeding with the trial under those circumstances deprived petitioner of a fair and impartial trial. The court cannot, therefore, conclude that trial counsel's performance fell below an objective standard of reasonableness or—if petitioner's counsel filed a motion for mistrial—the motion would have been granted and the proceedings would have resulted in petitioner's favor. Petitioner's objections to the portion of the magistrate judge's R&R, which dealt with the fourth ground of relief, will be denied.

> **E. The magistrate judge's ruling with respect to petitioner's claim for ineffective assistance of counsel based upon trial counsel taking petitioner's notes from him while on the witness stand**

---

² The court agrees with the magistrate judge that—even if the claim was not procedurally defaulted—petitioner did not show that he suffered prejudice as a result of the trial court's actions with respect to the excused juror. The trial judge properly excused the juror from service, and, therefore, a mistrial was not warranted. See Commonwealth. v. Lawrence, No. 3061 EDA 2012, 2013 WL 11255504, at *8 (Pa. Super. Ct. Aug. 9, 2013) ("A mistrial is an 'extreme remedy' that is only required where the challenged event deprived the accused of a fair and impartial trial.") (quoting Com v. Laird, 988 A.2d 618, 638 (Pa. 2010)). Petitioner's citation to Brady does not convince the court otherwise. In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that the prosecution's suppression of evidence favorable to an accused violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Id. at 83. Petitioner does not allege with respect to this claim that the prosecution withheld any evidence favorable to him that was material to guilt or punishment.

Petitioner's fifth ground for relief is that his trial counsel was ineffective because she did not instruct him that he could not use his notes on the stand and then removed his notes from him during his testimony, which prevented him from "show[ing] in consistent statements[.]" (ECF No. 1 at 13.) The magistrate judge determined this claim is procedurally defaulted, and, in any event, lacked merit because it was not proper for petitioner to have notes with him on the witness stand. ECF No. 24 at 6-7.) It is unclear whether petitioner objects to this portion of the R&R. Petitioner in his objection lists this ground for relief, but does not provide any basis on which he lodges his objection. (ECF No. 29-1 at 10.) In any event, the court agrees with the magistrate judge that this claim is procedurally defaulted because it was not raised by petitioner on appeal to the superior court. (ECF No. 12-3 44-86.) Although petitioner raised this issue in his PCRA brief submitted to the trial court, he did not exhaust his state-court remedies by raising the issue in his appeal to the superior court. Genis v. Superintendent, SCI Albion, Civ. Action No. 12-300, 2013 WL 5615958, at *16 (W.D. Pa. Oct. 8, 2013) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842–49 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004) (exhausting state-court remedies involves the appeal of issues to the Superior Court of Pennsylvania)). Petitioner's objection to the magistrate judge's ruling on this issue will, therefore, be denied.

> **F. The magistrate judge's ruling with respect to petitioner's claim for ineffective assistance of counsel based upon trial counsel's failure to impeach witnesses with prior inconsistent statements**

Petitioner claims that his trial counsel was ineffective because she did not impeach witnesses with prior statements, i.e., "[f]our different versions of the same incident were given, none of which met the requirements of the charges." (ECF No. 1 at 13.) The magistrate judge

8

determined that petitioner procedurally defaulted this claim because he did not raise it in his PCRA petition. (ECF No. 24 at 7.) The magistrate judge commented that, in any event, it was "a smart tactical move on part of" petitioner's trial counsel to not impeach the alleged victims who testified about their "pathetic circumstances" and "aggravate the proceedings." (Id.) Petitioner objects to this portion of the R&R. (ECF No. 29-1 at 9-10.)

Although petitioner raised this issue with the trial court in his PCRA petition, he did not exhaust his state-court remedies with respect to this claim by raising the issue with the superior court. Genis, 2013 WL 5615958, at *16. The court, therefore, agrees with the magistrate judge that this claim is procedurally defaulted. Petitioner's objection with respect to this issue will be denied.

### G. The magistrate judge's ruling with respect to petitioner's claim for ineffective assistance of counsel based upon trial counsel's failure to file a motion for recusal of the trial judge

Petitioner's eighth ground for relief is that his trial counsel was ineffective for "failing to file a recusal motion[.]" (ECF No. 1 at 14.) Specifically, petitioner points to the trial judge's statement that she "wish[ed] she could give…[petitioner] life[.]" (Id.) The magistrate judge in the R&R determined that petitioner did not satisfy his burden to show that a recusal motion was appropriate in his case. (ECF No. 24 at 8-9.) The magistrate judge opined that petitioner did not show that there was a "'substantial doubt as to the jurist's ability to preside impartially[,]'" (id. at 7 (quoting Commonwealth v. White, 910 A.2d 648, 647 (Pa. 2006)), because he was convicted by a "fair and impartial jury" and the trial judge "imposed an appropriate sentence within the statutory guidelines as mandated by law, (ECF No. 24 at 7-8).

Petitioner objects to the magistrate judge's ruling on this issue because the trial judge: (1) stated "I wish I could give you LIFE[;]" (2) the trial judge did not dismiss the charges or remand the case for a new trial "when [sic] attorney states…'Good luck it's a sure thing'" to a Colleague

9

the first day of a two day trial[;]" (3) the trial judge "Denied defendant access to his own Evidentiary Hearing[;]" and (4) the trial judge "Misuse[d]…[the] Law[,]" which resulted in petitioner's new trial. (ECF No. 29-1 at 17.) [3] Petitioner's objection to the magistrate judge's ruling on this claim will be denied because petitioner did not raise an ineffective assistance of counsel claim based upon a failure to file a motion for recusal of the trial judge in his PCRA petition to the superior court.[4] (ECF No. 12-2 at 197-209.)

### H. Potential arguments about the sufficiency of the evidence

#### 1. Background

Petitioner's seventh ground for relief is as follows:

> Was counsel ineffective for not having (m) charge dismissed during 2nd trial….(M) admits that she was coerced into pressing charges.

---

[3] In petitioner's original petition he argued only that his counsel was ineffective for failing to file a recusal motion because the trial judge stated that she wished she could give petitioner a term of imprisonment of life. (ECF No. 1 at 14.) Petitioner did not raise issues (2)-(4) in his original petition. Petitioner cannot assert for the first time claims in an objection to a magistrate judge's R&R. Turner v. Pa. Bd. of Probation & Parole, Civ. Action No. 13-33, 2013 WL 5970338, at *1 (W.D. Pa. Nov. 8, 2013) ("Claims raised for the first time in Objections to a Report and Recommendation are not properly before the district court.") (citing Ramos v. Kyler, Civ. Action No. 03–cv–2051, 2004 WL 828363, *4–5 (E.D.Pa.2004) ("The majority of district courts in our circuit, as well as other circuit courts, that have addressed [the circumstance in which a habeas petitioner raises a new claim in objections] have concluded that such issues are not properly before the court, and thus are not to be addressed.... [T]he purpose of the Magistrate's Act would be frustrated if we were to require a district court to consider a claim presented for the first time after the party has fully litigated his claims before the magistrate judge and found that they were unsuccessful."). In any event, petitioner's claim based upon all four grounds for relief is procedurally defaulted because petitioner did not raise an ineffective assistance of counsel claim about this matter in his PCRA petition.

[4] Even if this claim is not procedurally defaulted, the court agrees with the magistrate judge; petitioner did not satisfy his burden to show that trial counsel's performance fell below a reasonable standard or the results of the proceedings would have been different had a recusal motion been filed. Nguyen, 832 F.3d at 464.

10

> Appellant's name was not brought up in Discovery or Preliminary of (A) in which (M) testified after this (M) pressed charges.

(ECF No. 1 at 13.) The magistrate judge recommended that petitioner's claim based upon these allegations be denied because it was procedurally defaulted, i.e., petitioner did not raise these issues in his PCRA proceedings. It is unclear from petitioner's objections whether he is objecting to the magistrate judge's ruling with respect to this ground for relief. Petitioner's only mention of these issues in his objections is the section concerning his objection to the magistrate judge's organization of the issues in the R&R. In that section, petitioner writes:

1. The sufficiency of Evidence as to M, the defendant was not named. (See Traverse at page 3-7 & Magistrate 7th, page 7.& the last two lines of page 14, 11-14) "Reverse the Charges and Reverse the Judgment."

2. The sufficiency of the Evidence as to A. Inconsistent Statements. (See Traverse at pages 3-7 & Magistrate 6th, page 7, as well as the Appellate's [sic] PCRA Brief, pages 15-20)

(ECF No. 29 at 2.) Petitioner does not label these issues the same as his other objections or otherwise address or argue about them. The court, out of an abundance of caution, will address these issues here.

### 2. The distinction between sufficiency of the evidence and weight of the evidence

To begin, although petitioner refers to the *sufficiency* of the evidence in the objections, his arguments actually concern counsel's failure to object to the *weight* of the evidence. This distinction[5] between the weight of the evidence and the sufficiency of the evidence is important

---

[5] The Third Circuit Court of Appeals has explained:

> Under Pennsylvania law, the "distinction between a determination of the weight of the evidence, which allows the trial court to make an independent assessment of the

to determine whether this claim was procedurally defaulted. The Supreme Court of Pennsylvania has explained the difference between a claim challenging the sufficiency of the evidence and a claim challenging the weight of the evidence as follows:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Commonwealth v. Karkaria, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. Commonwealth v. Santana, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Chambers, 528 Pa. 558, 599 A.2d 630 (1991).
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Commonwealth v. Whiteman, 336 Pa.Super. 120, 485 A.2d 459 (1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. Tibbs, 457 U.S. at 38 n. 11, 102 S.Ct. 2211.3 An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. Commonwealth v. Brown, 538 Pa. 410, 648 A.2d 1177 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Thompson, supra. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Id.

Commonwealth v. Widmer, 744 A.2d 745, 751–52 (Pa. 2000).

---

credibility of the prosecution's case, and a sufficiency determination, which confines the reviewing tribunal to accepting the evidence produced by the prosecution in the most favorable light, is well established." Commonwealth v. Vogel, 501 Pa. 314, 461 A.2d 604, 609 (1983) (internal citations omitted).

Rainey v. Varner, 603 F.3d 189, 198–99 (3d Cir. 2010).

12

Here, petitioner argues that his counsel was ineffective because she did not cause the charges to be dismissed against him when one victim admitted that she was coerced into pressing charges and the other victim did not use petitioner's name during discovery or the preliminary hearing. (ECF No. 1 at 13.) Petitioner, however, does not dispute that both victims identified him as the person who committed the crimes against them; rather, his argument is that their testimony was *inconsistent* or otherwise *untrustworthy*. Those arguments attack the victims' credibility. "[C]hallenges to credibility of witnesses go to weight of the evidence even thought couched as challenges to sufficiency of the evidence." McNair v. Coleman, Civ. Action No. 09-0134, 2010 WL 3283010, at *4 (E.D. Pa. July 30, 2010) (citing Commonwealth v. Boxley, 838 A.2d 608 (Pa 2003); Commonwealth v. Wright, 846 A.2d 730 (Pa. Super. Ct. 2004)). Petitioner's seventh ground for relief will be construed as a claim that his counsel was ineffective for not raising with the trial court the issue that the verdict was not supported by the *weight* of the evidence. The court must determine whether—as the magistrate judge concluded—petitioner procedurally defaulted a claim based upon that argument.

### 3. Whether petitioner procedurally defaulted this claim

Petitioner challenged the *weight* of the evidence with the trial court, (ECF No. 12-2 at 48-51), and on direct appeal to the superior court, (ECF No. 12-2 at 54-94). Both courts rejected petitioner's arguments and held the verdict was supported by the weight of the evidence. (ECF No. 12-2 at 50-51, 134). In his PCRA petition to the trial court, petitioner again attacked the *weight* of the evidence entered against him. (ECF No. 12-2 at 98-99.) The trial court denied

petitioner's PCRA petition with respect to the issue because it was "meritless."[6] (ECF No. 12-3 at 28.)

Petitioner on his PCRA appeal to the superior court raised, among others, the following three issues:

I. DID THE TRIAL COURT ERROR IN UPHOLDING THE SUFFICIENCY OF EVIDENCE FOR DEFENDANTS [sic] CONVICTIONS AGAINST VICTIM "M" WHEN THE RECORD AND TESTIMONY CLEARLY SHOW THAT DEFENDANT WAS NOT NAMED DURING ANY INTERVIEWS OR PRELIMINARY HEARING TESTIMONY?

II. DID THE TRIAL COURT ERROR IN UPHOLDING THE SUFFICIENCY OF THE EVIDENCE FOR DEFENDANTS [sic] CONVICTIONS AGAINST VICTIM "AK" WHEN THE RECORD AND TESTIMONY DEMONSTRATE MANY INCONSISTANT [sic] STATEMENTS TO INCLUDE A COMPLETE DENIAL OF THE SEXUAL INTERCOURSE?

III. WAS APPELLATE COUNSEL INEFFECTIVE FOR FAILING TO RAISE THE ISSUE OF JURY BIAS?

(ECF No. 12-3 at 51.)

The superior court rejected petitioner's arguments with respect to the *sufficiency* of the evidence, i.e., issues I and II. (ECF No. 12-3 at 131.) The court explained that petitioner did not raise arguments about the *sufficiency* of the evidence on direct appeal of his conviction and sentence, and, therefore, his PCRA-arguments about the sufficiency of the evidence were waived. (ECF No. 12-3 at 131.) Alternatively, the superior court held that issues I and II were

---

[6] The trial court explained that on direct appeal the superior court determined the verdict was not against the weight of the evidence and the claim, which was not "cognizable on collateral review," was previously litigated. (ECF No. 12-3 at 28 (citing 42 PA. CONS. STAT. § 9543(a)(3).)

previously decided by the superior court on direct appeal and could be denied on that basis as well.[7]

The superior court in addressing issues I and II specifically recognized that petitioner did not raise any issues with respect to the sufficiency of the evidence "in the context of ineffective assistance of counsel." (ECF No. 12-2 at 131.) Under issue III of petitioner's PCRA brief to the superior court, which addressed counsel's alleged ineffectiveness with respect to raising the issue of jury bias, he argued:

> [i]n relation to trial counsel, **counsel was ineffective for failing to raise the issue of repugnancy and the insufficiency of the evidence** presented in order to support. It was incumbent upon trial counsel to raise this issue after the verdict but prior to the jury's discharge.
> …
> In this instant case, **trial counsel was ineffective for failing to object to the repugnancy of the verdict and preserve his argument [that] the…evidence was insufficient to sustain his conviction**.

(ECF No. 12-3 at 70-71 (emphasis added).) Petitioner, however, did not comply with Pennsylvania Rule of Appellate Procedure 2116(a) with respect to these arguments.[8] Rule 2116(a), entitled "Statement of Questions Involved[,]" provides:

> **(a) General rule.** The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered**

---

[7]  The superior court explained that petitioner's arguments attacked the credibility of witnesses, and, therefore, were based upon the *weight* of the evidence and not the *sufficiency* of the evidence. (ECF No. 12-3 at 131 citing Commonwealth. v. Lopez, 57 A.3d 74, 80 (Pa. Super. Ct. 2012)). The superior court on direct appeal of petitioner's conviction and sentence "addressed the weight of the evidence and the claim that the victims' testimony was 'uncorroborated, inconsistent, [and] questionable[,]" and rejected petitioner's arguments about those issues. (ECF No. 12-3 at 132 (quoting ECF No. 12-2 at 133).)

[8]  This argument was raised to the superior court by the Commonwealth in its response brief. (ECF No. 12-3 at 117-19.)

15

> **unless it is stated in the statement of questions involved or is fairly suggested thereby.** Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question. If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

PA. R. APP. P. 2116(a) (emphasis added). Petitioner in his "statement of questions involved" filed with the Superior Court listed six issues, including issues I-III listed above. Petitioner did not state in his "statement of questions involved" the issue that his counsel was ineffective for not challenging the weight of the evidence and the issue is not "fairly suggested" by issue III. (ECF No. 12-3 at 51); see Commonwealth v. Kuch, Civ. Action No. 850-2017, 2018 WL 831946, at *2 (Pa. Super. Ct. Feb. 13, 2018) (an issue with respect to whether the trial judge erred by not recusing himself was not "fairly suggested" by the issue whether petitioner was deprived of an impartial fact-finder because the trial judge did not colloquy the petitioner about his rights to seek recusal of the trial judge). Thus, the Superior Court did not consider any arguments made by petitioner about his counsel's alleged ineffectiveness for falling to challenge the sufficiency of the evidence. This court must determine whether—under those circumstances—petitioner procedurally defaulted a claim based upon that issue

A petitioner procedurally defaults an issue when he or she fails to "properly present claims to the state court." Davis v. McGinley, No. 16-CV-3807, 2018 WL 3596867, at *4 (E.D. Pa. Feb. 21, 2018), *report and recommendation adopted*, No. CV 16-3807, 2018 WL 3585171 (E.D. Pa. July 25, 2018). "The doctrine of procedural default bars federal habeas relief when a state court relies upon, or would rely upon, " 'a state law ground that is **independent** of the federal question and **adequate** to support the judgment' " to foreclose review of the federal claim." Id. (quoting

16

Nolan v. Wynder, 363 F. App'x 868, 871 (3d Cir. 2010) (quoting Beard v. Kindler, 558 U.S. 53, 53 (2009)) (emphasis added). The court in Davis explained:

> The requirements of "independence" and "adequacy" are distinct. Johnson v. Pinchak, 392 F.3d 551, 557–59 (3d Cir. 2004). State procedural grounds are not independent, and will not bar federal habeas relief, if the state law ground is so "interwoven with federal law" that it cannot be said to be independent of the merits of a petitioner's federal claims. Coleman, 501 U.S. at 739–40, 111 S.Ct. 2546. A state rule is "adequate" if it is "firmly established and regularly followed." Johnson v. Lee, ––– U.S. ––––, 136 S.Ct. 1802, 1804, 195 L.Ed.2d 92 (2016) (per curiam ) (citation omitted). These requirements ensure that "federal review is not barred unless a habeas petitioner had fair notice of the need to follow the state procedural rule," and that "review is foreclosed by what may honestly be called 'rules' ... of general applicability[,] rather than by whim or prejudice against a claim or claimant." Bronshtein v. Horn, 404 F.3d 700, 707, 708 (3d Cir. 2005).

Davis, 2018 WL 3596867, at *4. As the court in Davis explained, courts within the Third Circuit "have found Rule 2116 to be an independent and adequate state court ground precluding federal review[.]" Id. (citing Vega v. State Corr. Inst. at Forrest, No. 14-2880, 2016 WL 4467924, at *4 (E.D. Pa. July 14, 2016), *report and recommendation adopted*, No. 14-2880, 2016 WL 4430791 (E.D. Pa. Aug. 22, 2016); Tyson v. Beard, No. 06-290, 2013 WL 4547780, at *17-18 (E.D. Pa. Aug. 27, 2013); Norton v. Coleman, No. 09-1751, 2009 WL 5652570, at *5 (E.D. Pa. Nov. 25, 2009), *report and recommendation adopted*, No. 09-1751, 2010 WL 290517 (E.D. Pa. Jan. 2010)). In accordance with the foregoing authority, the superior court's effective denial of petitioner's ineffective assistance of counsel claim based upon trial counsel's failure to challenge the weight of the evidence was based upon "an independent and adequate state rule" that supports the magistrate judge's finding of procedural default in this case. To the extent petitioner objected to the magistrate judge's recommendation with respect to this issue, the objection will be denied.

### III. Conclusion

Each of the petitioner's claims are denied and a certificate of appealability is denied with respect to all claims. The motions for discovery (ECF Nos. 16, 28) and motions to appoint counsel (ECF Nos. 17, 27) will be denied as moot. Gaines v. Carroll, No. CIV.05-555-JJF, 2006 WL 2375051, at *4 (D. Del. Aug. 15, 2006) (denying as moot motions for discovery because the court was dismissing the § 2254 petition); Kirk v. Carroll, 243 F. Supp. 2d 125, 144 (D. Del. 2003) (denying as moot a motion to appoint counsel and a motion for discovery because the petitioner's claims did not provide a basis for federal habeas review). The petitioner's objections to the R&R are overruled and the court approves and adopts the R&R as the opinion of the court, as supplemented by this memorandum opinion.

An appropriate order and judgment will follow.

BY THE COURT,

Dated: August 20, 2018

*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Court Judge